1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE BROWN; BARBARA BROWN; BRIAN COMFORT; WENDY COMFORT; PATRICK YATES; LINDA HEBISH; EARL IDDINGS; JOEL KRAMER; ANGIE KRAMER; MICHAEL KOVAR; PAT MCCULLOUGH; and WILLIAM ANSPACH, | NO. |
| | COMPLAINT—CLASS ACTION |
| Plaintiffs, | |
| v. | |
| MASON COUNTY; RANDY NEATHERLIN in his individual capacity and official capacity as a Mason County Commissioner; and DAVID WINDOM in his individual capacity and official capacity as Director of Mason County Community Services, | |
| Defendants, | |
| and | |
| GRUMP VENTURES, LLC; and its Principal RUSSELL SCOTT, | |
| Other Necessary Parties | |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

COMPLAINT - 1

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## I.      INRODUCTION

1.      In this action under 42 U.S.C. § 1983, Mason County, County Commissioner Randy Neatherlin, and the Director of Mason County Community Services David Windom deprived plaintiffs of rights, privileges, or immunities secured by the Constitution and federal laws. Plaintiffs were deprived of property rights without due process of law. Defendants actions were arbitrary, irrational, invidious and tainted by improper motive and violated plaintiffs' substantive due process rights.  Defendants acted under color of Washington State's Surface Mining Act, RCW 78.44.010 et seq. and under color of Mason County's local zoning ordinance.

2.      On June 30, 2017, Mason County and the named individual defendants gifted a private company, Grump Ventures, LLC ("Grump"), with a valuable right to operate a 66.5–acre surface mine in a residential zone where mining is prohibited.

3.      Mason County and the named individual defendants disregarded the recommendation of Mason County planning staffer Michael MacSems, who had written a memorandum explaining that Grump only had a right to conduct mining operations on 1.87-acres. The County and the named individual defendants then tried to cover up their unlawful and unconstitutional act by hiding MacSem's memorandum in County Commissioner Randy Neatherlin's basement, along with other documents relating to the unlawful gift.

4.      While Grump's application for the mining approval was pending before Mason County, Commissioner Neatherlin traveled to Ireland with the man who was shepherding Grump's application through the local approval process: Jack Johnson of Peninsula Topsoil. Upon Commissioner Neatherlin's return from Ireland, he pressured Michael MacSems to withdraw his

COMPLAINT - 2

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

objection to the mine and repeatedly badgered county planning staff, including Director Windom, to approve the application.

5.     Mason County's approval of Grump's mine lacked any appearance of fairness and deprived plaintiffs and members of the plaintiff class who live nearby of their use and enjoyment of their property.

## II.     JURISDICTION AND VENUE

6.     Plaintiffs' claims arise under the Constitution and laws of the United States and the Constitution of laws of the State of Washington. This Court has jurisdiction over the claims arising under the Constitution and laws of the United States under 28 U.S.C. §§ 1331, 1343(a). This Court has supplemental jurisdiction over the claims arising under the Constitution and laws of the State of Washington under 28 U.S.C. § 1367.

7.     This Court has the authority to grant declaratory and injunctive relief under 28 U.S.C. § 2201–2202 and Fed. R. Civ. P. 57 and 65. The federal rights asserted by plaintiffs are enforceable under 42 U.S.C. § 1983.

8.     Venue is proper in this Court under 28 U.S.C. § 1391. All or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district and defendants reside in this district.

## III.     PARTIES

9.     Plaintiffs Dale Brown and Barbara Brown, husband and wife, own property located at 4680 NE North Shore Road, in Belfair. The Browns' property is located adjacent to the proposed Grump surface mine.

COMPLAINT - 3

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

10.     Plaintiffs Brian Comfort and Wendy Comfort, husband and wife, own property located at 190 NE Sundstrom Road, in Belfair. The Comforts' property is located less than a mile from the proposed Grump surface mine.

11.     Plaintiffs Patrick Yates and Linda Hebish, husband and wife, own property located at 171 N.E. Wagon Wheel Road, in Belfair. Mr. Yates' and Ms. Hebish's property is located less than a mile from the proposed Grump surface mine.

12.     Plaintiff Earl Iddings owns property located at 4790, 4791, and 4821 NE Northshore Road, in Belfair. Mr. Iddings' properties are all located adjacent to the proposed Grump surface mine.

13.     Plaintiffs Joel Kramer and Angie Kramer, husband and wife, own property located at 4731 NE North Shore Road, in Belfair. The Kramers' property is located across the street from the proposed Grump surface mine.

14.     Plaintiff Michael Kovar, MD, owns property located at 4731 NE North Shore Road, in Belfair. Mr. Kovar's property is located across the street from the proposed Grump surface mine.

15.     Plaintiff Pat McCullough, PE, owns property located at 210 NE Cherokee Beach Road NE, in Belfair. Mr. McCullough's property is located less than a mile from the proposed Grump surface mine.

16.     Plaintiff William Anspach owns property located at 4123 NE North Shore Road, in Belfair. Mr. Anspach's property is located less than a mile from the proposed Grump surface mine.

17.     Defendant Mason County is a county in the State of Washington with offices located at 411 N 5th St., Shelton WA 98584.

COMPLAINT - 4

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

18.    Defendant Randy Neatherlin is a member of Mason County's Board of County Commissioners. Commissioner Neatherlin is sued in individual capacity and, in the alternative, in his official capacity.

19.    Defendant David Windom is the Director of Mason County Community Services. Director Windom is sued is sued in individual capacity and, in the alternative, in his official capacity.

20.    Defendant Grump Ventures, LLC is a Washington corporation and the recipient of the county approval at issue in this matter.  Grump Ventures, LLC is joined as a  necessary party under Fed. R. Civ. P. 19.

21.    Defendant Russell Scott is the sole governor of Grump Ventures, LLC and its registered agent. Russell Scott is joined as a necessary party under Fed. R. Civ. P. 19.

## IV.    CLASS ACTION ALLEGATIONS

22.    Plaintiffs Dale Brown, Barbara Brown, Brian Comfort, Wendy Comfort, Patrick Yates, Linda Hebish, Earl Iddings, Joel Kramer, Angie Kramer, Michael Kovar, Pat McCullough, and William Anspach bring this class action on behalf of a class of property owners in Mason County who are injured by defendants' unlawful and unconstitutional acts. The class consists of those property owners in Mason County who will be deprived of the use and enjoyment of their property, have suffered and will suffer significant loss in the value of their property, are faced with significant health threats from air pollution, or have had to spend money and time fighting the unlawful mine. There are several hundred property owners who will qualify as members of the class.

23.    The named plaintiffs are adequate representatives of the class because the claims of the named plaintiffs are typical of the claims of the class in that the named plaintiffs and class

COMPLAINT - 5

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

members have suffered the same deprivation of federal rights under color of state law, caused by the same acts of defendants. The class representatives are highly motivated to prosecute this action.

24.     The questions of law and fact to be determined in this case are common to the named plaintiffs and the class members. The claims of the named plaintiffs are typical of the claims of the class. The relief sought is common to the named plaintiffs and class members.

25.     The named plaintiffs and their counsel will fairly and adequately protect the interests of the class they represent. Named plaintiffs have no interest adverse to or in conflict with those of other class members.

26.     The proposed class action is appropriate under the second and third of the three types of class action set out at Fed. R. Civ. P. 23(b)(1–3).

27.     Under Fed. R. Civ. P. 23(b)(2), defendants acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

28.     Under Fed. R. Civ. P. 23(b)(3), questions of law and fact relating to the defendants' liability are the same for all class members and predominate over any questions affecting only individual members (such as the amount of damages suffered by each class member). A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

29.     In support of the findings required by Fed. R. Civ. P. 23(b)(3), plaintiffs allege that (A) class members have communicated no interest in individually controlling the prosecution of separate actions; (B) except for a tangentially-related (and already resolved) case under Washington's Public Records Act, no class member has commenced litigation concerning this controversy; (C) it is desirable to concentrate the litigation of the claims of plaintiffs and class

COMPLAINT - 6

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

members in this forum; and (D) there are not likely to be any unusual difficulties in managing this class action.

## V.    FACTS

30.    Grump Ventures, LLC owns property in Mason County. Grump seeks to use its property for surface mining. Grump's property is zoned for rural residential use.

31.    On June 26, 1996, Mason County adopted a zoning ordinance that prohibits surface mines in the rural residential zoning district. The zoning ordinance prohibits surface mining on the parcels owned by Grump, which are the subject of this lawsuit.

32.    On February 17, 2017, Grump applied to Mason County for approval of a 66.5-acre surface mine extending over multiple parcels, all of them within the rural residential zoning district where surface mining is illegal. The sought-after approval was the "Form SM-6" county approval of surface mining, a form provided to the county by the State of Washington pursuant to Washington's Surface Mining Act, RCW 78.44.010 et seq.

33.    Grump and its principal, Russelwl Scott, were assisted in the application by Mr. Scott's business associate, Jack Johnson, the principal of Peninsula Topsoil.

34.    Because surface mining was illegal, Grump, Scott and Johnson sought to obtain approval for surface mining as the continuation of a surface mining operation that pre-dated the 1996 zoning ordinance (*i.e.,* as a "grandfathered" use, in the vernacular).  On March 15, 2017, county planning staffer Michael MacSems wrote a memo to defendant David Windom, notifying Mr. Windom that any historic mining on the parcels was limited to a few small contiguous parcels totaling 1.87 acres in area. Mr. MacSems' memo informed Mr. Windom that there was no evidence of any mining beyond those 1.87 acres. Because of this, Mr. MacSems recommended

COMPLAINT - 7

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

that Mr. Windom not sign the Form SM-6 unless the acreage was changed from 66.5 acres to 1.87 acres.

35.     In rendering a decision as to whether to grant the county's approval for Grump's surface mine, defendants were required to follow articulable standards that constrained their decision-making process, including whether or not the proposed mining use complied with the county's zoning ordinance and whether or not "development occurs in such a way that it protects private property rights and existing land uses while also protecting natural resources, promoting economic growth and assuring the compatibility of proposed land uses with existing ones." MCC 17.01.010. In spite of Mr. MacSem's research showing that the proposed mine did not comply with the county's zoning ordinance, defendants irrationally and invidiously granted approval for the mine.

36.     Plaintiffs were and are entitled to have the county's land use decision on Grump's application for mining approval be based upon whether the proposed mine was an allowed use in the rural residential zone, whether it would protect private property rights and existing land uses, and whether it would be compatible with existing land uses, as required under the  zoning ordinance adopted and promulgated by the county.

37.     In approving Grump's 66.5-acre surface mine, Mason County and its named lawmaker (Commissioner Neatherlin) and employee (Director Windom) violated the Mason County zoning code, which prohibits surface mines in residential zones. Through their official positions and with authority conferred by the county, Defendants Neatherlin and Windom acted with deliberate indifference to this prohibition and the rights of those affected by their decision.

38.     In effect, through Defendant Neatherlin's pressure on county staff and Defendant Windom's final decision to approve the Form SM-6, the county established a policy that Grump's

COMPLAINT - 8

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

surface mine should be exempt from the requirements of the county code, which would otherwise prohibit such mines in residential zones. To date, Mason County has declined to petition the local hearing examiner to revoke the Form SM-6 pursuant to SMC 15.13.075, effectively ratifying this policy of exempting Grump's mine from the requirements and prohibitions of the local zoning code.

39.   From April 30, 2017 to May 2, 2017, defendant Randy Neatherlin, a member of the county's Board of County Commissioners, took a trip to Ireland in the company of Jack Johnson.

40.   Upon Commissioner Neatherlin's return from Ireland, he repeatedly pressured Director Windom, Mr. MacSems, and county staff to approve the Form SM-6. According to Mr. MacSems, Commissioner Neatherlin had never before advocated in favor of approval of a county application.

41.   Director Windom and Mr. MacSems serve at the pleasure of Commissioner Neatherlin and the other county commissioners.

42.   Upon his return from Ireland, Commissioner Neatherlin became a persistent advocate for Grump's mining application, telling county staff at least five times "how do we get to yes" or "get me to yes" on Grump's proposed 66.5 acre surface mine. Commissioner Neatherlin told one neighbor, Bruce Carter, that he (Neatherlin) supported the Grump application because Jack Johnson of Peninsula Topsoil asked him to support it.

43.   Acting as a proponent of the proposed mining operation, Commissioner Neatherlin brought an aerial photo taken in 1963, given to him by Grump's agent, Jack Johnson, into the county offices and asserted to Director Windom and Mr. MacSems that it showed historical mining activity beyond the 1.87 acres. Upon information and belief, this assertion was false. The aerial did not show evidence of mining on the property.  It showed downed trees from a windstorm.

COMPLAINT - 9

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

44.     Grump's and Neatherlin's deceptive misrepresentations of the 1963 aerial photo and the extent of historical mining activity improperly caused the county planning staff to sign the Form SM-6 approval.

45.     On June 30, 2017, Director Windom signed the Form SM-6, approving Grump's 66.5-acre surface mine and exempting the mine from the requirements of the zoning ordinance, which prohibits surface mines in residential zones.

46.     Director Windom has final decision-making authority for the county.

47.     Director Windom derives his final decision-making authority from the county legislature.

48.     Mason County has a commission form of county government under Article 11, section 5 of the Washington Constitution.

49.     In the commission form of county government, the county's governing body consists of a three-member board of commissioners, elected on a partisan basis, who serve as the county's legislative body and also perform executive functions.

50.     Commissioner Neatherlin is member of the county's legislature. In that role, he directs the policy and custom of the county and his acts and edicts can fairly be said to the represent official policy of the county.

51.     After the Form SM-6 was signed, Commissioner Neatherlin removed the aerial image and Mr. MacSems' March 15, 2017 memorandum from the county offices and hid them in his garage. Because Commissioner Neatherlin absconded with these documents, the county failed to produce them in response to a records request, resulting in a costly settlement in a subsequent lawsuit under Washington's Public Records Act.

COMPLAINT - 10

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

52.     The county gave no notice of its Form SM-6 approval of the Grump surface mine until 2018, when the county issued a "mitigated determination of nonsignificance" pursuant to Washington's State Environmental Policy Act ("SEPA").

53.     By approving Grump's surface mine through the Form SM-6, even though Grump did not qualify for that approval, the county gifted a property right to Grump, *i.e.,* the right to develop a valuable mine in a zone where surface mines are prohibited.

54.     Grump's proposed mine would introduce a massive industrial surface mine into a peaceful residential area. Grump plans to remove more than 6 million cubic yards of material from the currently wooded site. Plaintiffs currently enjoy quiet natural surroundings on and around their properties. If the mine were to be developed and operated, it would destroy the current bucolic, rural environment and replace it with loud noise and vibration from excavating, material processing (including rock crushing), air pollution, and heavy traffic of approximately 100 dump trucks and trailers per day for many years.

55.     As a result of the county's approval of Grump's surface mine, plaintiffs will be deprived of the use and enjoyment of their property.

56.     As a result of the county's approval of Grump's surface mine, plaintiffs have suffered and will suffer significant loss in the value of their property.

57.     As a result of the county's approval of Grump's surface mine, plaintiffs are faced with significant health threats from air pollution.

58.     As a result of the county's approval of Grump's surface mine, plaintiffs have had to spend money and time fighting the unlawful mine.

COMPLAINT - 11

**Bricklin & Newman, LLP**
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

## VI.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of United States Constitution Amendment XIV (Procedural Due Process)

59.   Plaintiffs restate and incorporate by reference all preceding paragraphs.

60.   A person's ability to use and enjoy land they own free from unreasonable interference is a property right.

61.   Plaintiffs have a protected property interest in the use and enjoyment of their real property.

62.   Defendant Neatherlin's actions to pressure county staff and Defendant Windom to approve Grump's surface mine represents an exercise of official authority conferred by Mason County. The decision by Defendant Windom represents a deliberate choice to approve the Gump mine, with deliberate indifference to the requirements and prohibitions of the Mason County Code—specifically, the prohibition on surface mines in residential zones.

63.   Defendants actions denied plaintiffs their rights to use and enjoy their property without the process that was due under the circumstances.

64.   Defendants, acting under color of state law, violated plaintiffs' federal constitutional right to procedural due process under the Fourteenth Amendment of the United States Constitution.

### SECOND CLAIM FOR RELIEF

### Violation of United States Constitution Amendment XIV (Substantive Due Process)

65.   Plaintiffs restate and incorporate by reference all preceding paragraphs.

COMPLAINT - 12

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel. (206) 264-8600
Fax. (206) 264-9300

66.     Defendants' approval of Grump's surface was arbitrary, irrational, invidious and tainted by improper motive.

67.     Defendant Neatherlin's actions to pressure county staff and Defendant Windom to approve Grump's surface mine represents an exercise of official authority conferred by Mason County. The decision by Defendant Windom represents a deliberate choice to approve the Gump mine, with deliberate indifference to the requirements and prohibitions of the Mason County Code—specifically, the prohibition on surface mines in residential zones.

68.     Plaintiffs' property is in the rural residential zone and their use and enjoyment of their property depends upon their neighbors being restricted to uses allowed in the rural residential zone, as set out in the county's zoning regulations.

69.     Plaintiffs have a protectable property interest under the county's zoning regulations in the fair and just administration of those regulations so that decisions made by the county assure that development protects property rights and existing land uses and assure the compatibility of proposed land uses with existing land uses.

70.     Defendants, acting under color of state law, violated plaintiffs' federal constitutional right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### THIRD CLAIM FOR RELIEF

### Violation of Washington Constitution, Article VIII: Unconstitutional Gift

71.     Plaintiffs restate and incorporate by reference all preceding paragraphs.

72.     Washington's Constitution prohibits Mason County from giving "any . . . property . . . to or in aid of any individual, association, company or corporation[.]" Wash. Const. art. VIII, § 7.

COMPLAINT - 13

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

73.    The county's approval of Grump's surface mine in a residential zone where no mining is allowed is a gift of a valuable property right to Grump.

74.    Mason County's gift of a valuable property right to Grump violates the prohibition on gifts of property set out at article VIII, § 7 of the Washington Constitution.

75.    Mason County unconstitutionally gifted valuable property rights to Grump by approving Grump's proposed 66.5-acre surface mine, even though Grump did not qualify for the approval and mining was and is prohibited in the rural residential zone where the proposed mine is located.

## VII.    PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court grant the following relief:

A.    Order, declare, and adjudge that the defendants have violated the United States Constitution as set forth above;

B.    Order, declare, and adjudge that the defendants have violated Washington's Constitution as set forth above;

C.    Vacate and set aside the Form SM-6;

D.    Issue a preliminary and final order enjoining the defendants from further violations of the United Sates Constitution and Washington Constitution;

E.    Pay plaintiffs and the plaintiff class members the damages they incur as a result of the defendants' unconstitutional conduct;

F.    Certify the plaintiff class of all property owners who are being adversely impacted and will continue to be adversely impacted by Mason County's grant of the SM-6 approval for Grump's surface mining project.

COMPLAINT - 14

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300

1         G.     Award the plaintiffs their costs, litigation expenses, expert witness fees, and

2    reasonable attorneys' fees associated with this litigation pursuant to 42 U.S.C. 1988 and all other

3    applicable authorities;

4         H.     Grant plaintiffs and the plaintiff class any such further relief as may be just, proper,

5    and equitable.

6         Dated this 29th day of June, 2020.

7

8                             Respectfully submitted by:

9                             BRICKLIN & NEWMAN, LLP

10               By:     /s/ David A. Bricklin

11                       /s/ Bryan Telegin
                     /s/ Zachary K. Griefen

12                        David A. Bricklin, WSBA No. 7583
                     Bryan Telegin, WSBA No. 46686

13                        Zachary K.  Griefen, WSBA No.  48608
                     1424 Fourth Avenue, Suite 500

14                        Seattle, WA  98101
                     Telephone:  206-264-8600

15                        Facsimile:  206-264-9300
                     E-mail: bricklin@bnd-law.com

16                        E-mail: telegin@bnd-law.com
                     E-mail: griefen@bnd-law.com

17

18                        *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

COMPLAINT - 15

Bricklin & Newman, LLP
Attorneys at Law
1424 Fourth Avenue, Suite 500
Seattle WA 98101
Tel.  (206) 264-8600
Fax.  (206) 264-9300